UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ, #380134,

    Plaintiff,

v.

J. WINGER, et al.,

    Defendants.
_____/

Case No. 1:23-cv-378

Hon. Robert J. Jonker

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens's Report and Recommendation, (ECF No. 26), recommending that the Court grant Defendants Kyle Nuttall and Juan Fiero's Motion for Summary Judgment, (ECF No. 17), and dismiss Plaintiff Nicholas Vontz's Eight Amendment claims against Defendants for failure to exhaust.  The Court has also reviewed Plaintiff's Objection to the Report and Recommendation.  (ECF No. 27).  Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified."  12 C. Wright & A. Miller, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir.

1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally supported.

Plaintiff was permitted to proceed *in forma pauperis*.  (ECF No. 4).  After conducting the requisite review under 28 U.S.C. § 1915(e)(2), Magistrate Judge Berens carefully and thoroughly considered the record and the governing law and recommended that the Court dismiss Plaintiff's claims for failure to exhaust.  Plaintiff contends Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they publicly labeled him a "rat" for helping other prisoners at the Earnest C. Brooks Correctional Facility ("LRF") pursue civil rights complaints against various Michigan Department of Corrections ("MDOC") officials—including Defendants.  (ECF No. 1).  But it is undisputed that Plaintiff did not exhaust a grievance for this incident through all three levels of the grievance procedure, and for the reasons articulated by Judge Berens, the Court agrees that Plaintiff has not demonstrated that the grievance process was unavailable to him.  *See Ross v. Blake*, 578 U.S. 632, 644 (2016) (exhaustion not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

In his Objection, Plaintiff asserts that *Ross* applies because he was unable to timely appeal MDOC's Step 1 rejection of his grievance after staff denied him a postage loan.  (ECF No. 27). He attached to the Objection a purported copy of this denial.  (ECF No. 27-1).  But as Judge Berens pointed out, even assuming Plaintiff "had tried and was unsuccessful [in obtaining a postage loan], the grievance procedure was still not clearly unavailable."  (ECF No. 26 at PageID.180).  This is because even if "Plaintiff had to wait a couple of months before he had the funds . . . nothing prevented him from filing his appeal late and claiming that he had a valid reason for the delay"—

such as his transfer to the Chippewa Correctional Facility ("URF") shortly after the alleged incident in late January 2023.  *See* Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ J (effective Mar. 18, 2019); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).  (*Id.*).

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 26), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendant Nuttall and Fiero's Motion for Summary Judgment, (ECF No. 17), is **GRANTED**.  Plaintiff Vontz's claims against Defendants Nuttall and Fiero are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

3. For the same reasons that the Court dismisses Plaintiff's Complaint, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

5. This matter is **TERMINATED**.

**IT IS SO ORDERED.**


Dated:  April 12, 2024                    /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE